IN RE PARTICIPATION OF JUDGES RAFAEL PADRÓ PARÉS and JOSÉ RIVERA BARRERAS IN AN ACT OF POLITICAL CHARACTER.

Submitted October 7, 1958.—Decided October 23, 1958.

ORDER

San Juan, P. R., October 23, 1958.

On June 30, 1958 the newspapers El Mundo and El Imparcial published reports of a dinner held in the city of Arecibo by the Popular Democratic Party for the purpose

of collecting funds for the political campaign. Both reports, mentioned the fact that Judges Rafael Padró Parés and José Rivera Barreras, of the Superior Court, had attended this act. Considering the legal provisions in force,[1] we ordered the Administrative Director of Courts to make a complete investigation of the matter. Said officer took the declaration of the aforementioned judges and of Antonio Arroyo Tirado, Assistant Secretary of the Superior Court, Arecibo Part. He also conferred with Darío Goitía, Mayor of the city and principal organizer of the act. Besides, copies of the newspaper reports and of the dinner invitation are attached to the record.

■■ The investigation made shows that a "Fraternal Dinner" was held at the Casino of Arecibo on June 28, 1958 at 7 p.m. for the purpose of collecting funds for the Popular

---

[1] Article V, § 12 of our Constitution provides the following: "No judge shall make a direct or indirect financial contribution to any political organization or party, or hold any executive office therein, or participate in a political campaign of any kind, or be a candidate for an elective public office unless he has resigned his judicial office at least six months prior to his nomination." The scope and purposes of this provision are discussed in Constitutional Convention of Puerto Rico, *Report of the Judicial Branch Committee* at p. 15 (1952), and in Constitutional Convention of Puerto Rico, *Journal of Sessions* at pp. 235–238, 635–636, 808–809 (1952). Canon XVIII of the Canons of Judicial Ethics provides the following: "While entitled to entertain his personal views on political questions, and, of course, to exercise his right to vote, no Judge should make any contribution, directly or indirectly, to any political group or party and he should not accept any position therein or engage in a political campaign of any kind.

"A judge should be and feel free of any political partiality and he should not create the impression by his conduct that his political ideas exercise any influence on the performance of his official duties, or that. his judicial discretion is subordinate to the interest of any political group or party. To this end, and without regarding the following enumeration of activities as excluding others which by their own nature are proscribed to him, a Judge should not promote the interests of any political group or party and he should not participate in party assemblies, conventions, or others activities of a political nature, or endorse candidates and, without detriment to his right to defend himself from abusive attack on his person or his honor, he should abstain from making any public attack on candidates for political offices.

"The preceding standards are essential to the independence of the judicial power as a stabilizing. factor in the structure of our democratic system of government."

Democratic Party. The price of the dinner per person was $10. The invitations for this act had circulated a few days before, without bearing the name of the Party nor any allusion thereto.[2] Mr. Arroyo invited Judge Rivera Barreras to attend this dinner, but at no time informed him of the purposes thereof, nor did he show him the invitation or ask him for the $10 contribution. He also invited Judge Padró Parés and, although in his case he gave him the invitation and collected the money, he did not inform him either of the object of the activity. Both judges attended the dinner as an act of courtesy, believing it was a civic homage to the Hon. Governor of Puerto Rico and completely unaware of the partisan purposes pursued thereby. Upon arrival they had no opportunity either to learn of those purposes since there were no flags or insignias allusive to the Popular Party, and no one informed them of the nature of the act. They accepted to sit at the presidential table and from there heard the speeches. It was at that point that they became aware that the activity could have partisan designs, but even at that moment only very brief allusions to the matter were made.

In view of those facts no further action whatsoever will be taken, and consequently, we will order the dismissal of the investigation. We find it advisable, however, to make some observations. The judges are part of the community in which they live and because of their position they are occasionally called upon to cooperate with activities of general interest, whether they be of a private origin or sponsored by public officials. That cooperation, nevertheless, should be given within the framework of the Constitution, the law,

---

[2] The complete text of said invitation is the following: "INVITATION A group of friends of the Hon. Luis Muñoz Marín have the honor of inviting you to a FRATERNAL DINNER to be held on Saturday June 28, at 7 p.m., at the Casino of Arecibo, Gonzalo Marín St. in this city. Price per person—$10. Thanking you in advance for your attention to this invitation and hoping to be honored with your presence, we remain, FOR THE ORGANIZING COMMITTEE ABELARDO MARTÍNEZ OTERO, DARÍO GOITÍA, FRANCISCO ABRÉU."

and the Canons of Judicial Ethics and in harmony with the dignity and functions of the courts. Such limitations impose on the judges the obligation to ascertain by all possible means, the purposes and circumstances of the activities to which they are invited and to refrain from attending those which because of their very nature, are forbidden or which may reasonably give the impression that they transgress those limits. This is the only way in which the judiciary may keep untouched its reputation of absolute independence.

Case dismissed.

It was so decreed by the Court as witness the signature of the Chief Justice.